# IN THE COURT OF APPEALS OF IOWA

No. 20-1215
Filed March 17, 2021

**IN THE INTEREST OF V.T. and J.T.,**
**Minor Children,**

**S.T., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Shawn C. McCullough of Powell and McCullough, PLC, Coralville, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Christine Boyer (until withdrawal), Iowa City, and Jeannette Keller, Davenport, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

A father appeals the termination of his parental rights.[1]  The father argues he should have been given an additional six months to work toward reunification, termination of his parental rights is not in the best interests of the children, and termination will be detrimental to the children given the closeness of the parent-child bonds.

The children were adjudicated in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2019), and the younger child was also adjudicated pursuant to section 232.2(6)(o).  The children were removed from the father's home in April 2019.  The father has an extensive history of substance abuse, including use of marijuana and methamphetamine.  He also has a history of mental-health issues.  The father and mother also have a history of engaging in domestic violence in front of the children.  Physical altercations between the parents have led to police intervention at times.

Over the course of this family's involvement with the Iowa Department of Human Services (DHS), the father has at times engaged in services.  He has participated in visitation, medication management, drug testing, substance-abuse treatment, and mental-health treatment.  However, the only service the father has continued to engage with somewhat consistently over the course of proceedings is visitation.  The father also lost his job due to his use of methamphetamine.

---

[1] The father is the biological father of the older child and legal father of the younger child.  The parental rights of the mother to both children and biological father of the younger child were also terminated.  They do not appeal.

Petitions to terminate the father's parental rights were filed in January 2020. The first day of the termination hearing was held on March 4, 2020. Because of court closures due to COVID-19, the second day of the termination hearing was held on August 19, 2020. The termination petition as to the father's rights to the older child was dismissed May 22, 2020 following a motion from the State arguing "not all of the grounds alleged in the petition were appropriate." However, another petition to terminate the father's parental rights to the older child was filed June 16, 2020. The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*) (2020) as to the older child and section 232.116(e), (h), and (*l*) as to the younger child. The father appeals.

Our review is de novo. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). We give weight to the factual findings of the juvenile court, particularly regarding witness credibility, but we are not bound by them. *Id.* Our primary concern is the best interests of the children. *Id.* The State bears the burden to prove grounds for termination by clear and convincing evidence, meaning "there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.*

The State contends the father failed to preserve error for his arguments related to the best interests of the children and the parent-child bonds.[2] When the father testified, he was asked on direct examination if he believed immediate placement with him was in the children's best interests. He answered in the affirmative. Other than that, no argument targeted the statutory framework or

---

[2] The State's error-preservation contest was related to both arguments because it did not yet have access to the termination hearing transcripts.

purposes of the "best interests" standard.  *See* Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  The juvenile court made findings that it was in the best interests of the children to terminate parental rights.  The father also testified that he was bonded to the children and felt they were bonded to him.  Again, those statements were very general and appear to relate more to the father's request for an additional six months to work toward reunification than the permissive exception to termination.  *See* Iowa Code § 232.116(3)(c).  The juvenile court made no finding related to the parent-child bonds preventing termination or any other permissive exception to termination.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."  *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  Our review of the father's testimony reveals that his statements, regarding both the children's best interests and the parent-child bonds, were passive in nature and did not create a substantive record on either issue.  But, the district court made findings related to the best interests of the children.  Accordingly, we assume without deciding that the best-interests argument has been preserved, but we conclude the parent-child-bonds argument has not.

We generally use a three-step process to examine appeals of terminations of parental rights.  *P.L.*, 778 N.W.2d at 40–41.  The father has not challenged any ground for termination; we may skip the first step.  *See id.* at 40.  Turning to the second step, we consider whether termination of the father's parental rights is in the best interests of the children.  *Id.*  In determining whether termination is in the best interests of children, courts "shall give primary consideration to the child[ren]'s

safety, to the best placement for furthering the long-term nurturing and growth of the child'[ren], and to the physical, mental, and emotional condition and needs of the childl[ren]." Iowa Code § 232.116(2).

The father argues termination is not in the best interests of the children because he "provided significant care for his children." The children were initially placed with the father when the children were adjudicated in need of assistance. However, they were removed from his care in April 2019 because of exposure to drug use on behalf of both parents and domestic violence. Since that time, the father has failed to consistently engage in substance-abuse and mental-health treatment and take his prescribed medications. At both days of trial, the father had recently relapsed and used methamphetamine. In August, the father testified he had been clean for one month, but he admitted to marijuana use during that time.

The father has been involved in a number of physical altercations, one resulting in him being stabbed seven times approximately one month before the second day of the termination trial. During the first day of trial, the father lived in a home infested with insects. By the time of the second day of trial, the father had been evicted from his prior residence and kicked out of one shelter. There were consistent reports that the father was unable to maintain appropriate supervision of both children during in-person visits. The older child exhibited troubling behavior following visitation with the father, including becoming violent with another child. Our review of the record reveals clear and convincing evidence supports that termination of the father's parental rights is in the best interests of the children.

The third step in our review of termination cases is to review permissive exceptions to termination described in Iowa Code section 232.116(3). *P.L.*, 778

N.W.2d at 41. The father's argument that "there is clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship[s]" was not preserved for our review. No other permissive exception is supported by clear and convincing evidence.

We turn, finally, to the father's request for an additional six months to work toward reunification.

> To grant a parent a reprieve from termination, a juvenile court must be able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."

In re M.R., No. 13-1190, 2013 WL 5498097, at *3 (Iowa Ct. App. Oct. 2, 2013) (quoting Iowa Code § 232.104(2)(b)). As the juvenile court noted, the father was essentially provided the additional six months he requested due to the time span between the two days of trial. The record reveals that the circumstances of this father at the time of the first day of trial were different than at the time of the second hearing. At the March hearing, the father testified that he was employed, working with his landlord on unsafe conditions in his residence, had developed a relapse plan, and was actively practicing parenting skills. By August, the father had lost his employment, been evicted, relapsed on methamphetamine and continued to use marijuana, was not engaged in mental-health treatment, stopped taking prescribed medications, and was unable to safely and appropriately supervise both children during in-person visits.

These children have been removed from their father's care for nearly two years. The father asked for six months to work toward reunification in March 2020 and essentially had that time due to the ongoing COVID-19 pandemic. The father

failed to take advantage of that time.  We will not make these children wait any longer for permanency.  Our review of the record reveals there was no "basis for the determination the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period" to support an additional six months to work toward reunification.  Iowa Code § 232.104(2)(b).

**AFFIRMED.**